IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>KELLEY EARL SMITH,<br><br>    Defendant. | CR 01-85-BR<br>(CV 05-343-BR)<br><br>OPINION AND ORDER |

**KARIN J. IMMERGUT**
United States Attorney
**JOHNATHAN S. HAUB**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204
(503) 727-1117

    Attorneys for Plaintiff

**KELLY E. SMITH**
SID No. 65207-065
FCI - Florence
P.O. Box 6000
Florence, CO 81226-6000

    Defendant, *Pro Se*

1 - OPINION AND ORDER

BROWN, Judge.

This matter comes before the Court on Defendant Kelly Earl Smith's Motion to Vacate, Set Aside, or Correct Sentence (#29).

For the reasons that follow, the Court **DENIES** Smith's Motion to Vacate, Set Aside, or Correct Sentence.

## BACKGROUND

On May 9, 2001, Smith entered a guilty plea for Unarmed Bank Robbery. On August 9, 2001, this Court sentenced Smith to 63 months imprisonment. Smith did not appeal his sentence.

On March 10, 2005, Smith filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 in which he alleges the Court unconstitutionally enhanced his sentence two levels under United States Sentencing Guidelines Manual § 2B3.1(B)(1) because a jury did not determine beyond a reasonable doubt "all facts legally essential to the sentence imposed in violation of the [S]ixth [A]mendment."[1] The government opposes this Motion on the ground that Smith failed to file it within one year as required by 28 U.S.C. § 2255.

---

[1] Although Smith does not cite *Blakely v. Washington*, 543 U.S. 296 (2004), it appears he seeks to challenge the constitutionality of his sentence in light of the Supreme Court's ruling in *Blakely*.

2 - OPINION AND ORDER

## DISCUSSION

28 U.S.C. § 2255 contains a statute of limitations for filing motions to vacate, to set aside, or to correct a sentence that runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The Court entered the Judgment of conviction in this matter on February 20, 2002. Smith filed his Motion more than a year after that date. In addition, to the extent Smith contends the Supreme Court's ruling in *Blakely* created a right newly recognized by the Supreme Court, Smith's argument is unsuccessful because the Ninth Circuit has held the rule in *Blakely* is not retroactive to convictions that became final prior to its publication. *See Schardt v. Payne*, No. 02-36164, 2005 WL 1593468, at *1 (9th Cir. July 8, 2005). The Court, therefore, concludes Smith did not file the Motion to Vacate, Set Aside, or Correct Sentence within the one-year statute of limitations

3 - OPINION AND ORDER

period provided in § 2255.

## CONCLUSION

For these reasons, the Court **DENIES** Smith's Motion to Vacate, Set Aside, or Correct Sentence (#29). Accordingly, the Court **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 28th day of July, 2005.

                                    *Anna J. Brown*
                                    ANNA J. BROWN
                                    United States District Judge


Smith CR 01-85 O&O.07-28-05.wpd